UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IBORO EDEMKA,                                                                          06-CV-204

                PLAINTIFF,                                                          **FIRST AMENDED COMPLAINT**

     -AGAINST-

COUNTY OF NASSAU, POLICE OFFICER MICHAEL A.
BARBUCK, POLICE OFFICER KNOX, AND POLICE
OFFICER DAPHNE GROSS,

                DEFENDANTS.
------------------------------------------------------------------------------x

      Plaintiff, Iboro Edemeka, by her attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. On April 19, 2004, Police Officers Barbuck and Knox arrested Plaintiff without probable cause, used excessive force on Plaintiff and held Plaintiff for an excessive period of time. Plaintiff was subjected to an unlawful strip search by Police Officer Daphne Gross.

**JURISDICTION**

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

## PARTIES

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Kings, City and State of New York, residing at 1389 E. 35th Street, Brooklyn, New York 11234.

5. During all times relevant to this action, Police Officers Barbuck, Knox and Gross were duly appointed and acting officers of the Police Department of the County of Nassau, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County of Nassau.

6. During all times relevant to this action, Defendant County of Nassau, is a municipal corporation incorporated pursuant to the laws of the County of Nassau and State of New York and the public employer of Police Officers Barbuck, Gross and Knox.

7. At all times relevant to this action, Defendant County of Nassau operates the County of Nassau Police Department.

## FACTS

8. On April 19, 2004, at approximately 4:00 p.m. at MetroPlaza Pharmacy at 330 Nassau Road, Roosevelt, New York, Police Officers Barbuck and Knox arrested Plaintiff.

9. While arresting Plaintiff, Officers Barbuck, Knox and other officers threw Plaintiff forcefully to the ground and placed Plaintiff in handcuffs, closing them too tightly for the width of Plaintiff's wrists.

10. Without probable cause and without any legal right, Police Officers Barbuck and Knox, while acting within the scope of their authority, intentionally, wrongfully, unlawfully and maliciously held Plaintiff against her will while she was aware of the confinement for approximately 10 hours, during which time Plaintiff fainted and was spitting blood. As a result of Defendant's actions, Plaintiff required admission and treatment at the Nassau University Medical Center for four days.

11. Plaintiff's fingerprints and photographs of Plaintiff were taken at the First Precinct of the Nassau County Police Department.

12. Plaintiff was strip searched at the First Precinct of the County of Nassau Police Department by Police Officer Daphne Gross.

13. Plaintiff received an adjournment in contemplation of dismissal for the charges on April 28, 2005.

14. As a result of the violation of her Constitutional Rights, Plaintiff suffered from and suffers from physical, economic and emotional injuries.

**FIRST CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT COUNTY OF NASSAU AND POLICE OFFICERS BARBUCK AND KNOX**

15. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 14.

16. Police Officers Barbuck and Knox had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

17. Police Officers Barbuck and Knox intentionally confined plaintiff for a period of approximately 10 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause.

18. Police Officers Barbuck and Knox in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the County of Nassau Police Department and under the color of state and/or local law.

19. Upon information and belief, it was the deliberate choice, policy and custom of Defendant County of Nassau to fail to adequately supervise and train its police officers, including Police Officers Barbuck and Knox in a manner to discourage unlawful arrests, causing Police Officers Barbuck and Knox to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

20. Upon information and belief, it was the deliberate choice, policy and custom of Defendant County of Nassau to fail to adequately supervise and train its police officers, including Police Officers Barbuck and Knox in a manner to discourage unlawful imprisonment, causing Police Officers Barbuck and Knox to unlawfully detain Plaintiff for approximately 10 hours.

21. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant County of Nassau, including Police Officers Barbuck and Knox, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

22. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant County of Nassau to the constitutional rights of persons residing and doing business within the County of Nassau, and were the cause of violations of Plaintiff's rights alleged herein.

23. By reason of their acts and omissions, Defendants Barbuck and Knox, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

24. As a result of the Defendants conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for her physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

25.   In addition, the acts of the Defendants Barbuck and Knox and County of Nassau were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants Barbuck and Knox and County of Nassau should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

26. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

### SECOND CAUSE OF ACTION FOR UNLAWFUL STRIP SEARCH IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF NASSAU AND DAPHNE GROSS

27. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 26.

28. Police Officer Daphne Gross had no individualized reasonable suspicion of concealed weapons or contraband to justify strip-searching Plaintiff.

29. Police Officer Daphne Gross intentionally, without right, privilege or just cause strip-searched Plaintiff.

30. Police Officer Daphne Gross's action of strip-searching Plaintiff without just cause, nor reasonable belief that just cause existed, abused her power and authority as an employee of the County of Nassau Police Department and under the color of state and/or local law.

31. Upon information and belief, it was the deliberate choice, policy and custom of Defendant County of Nassau to fail to adequately supervise and train its police officers, including Police Officer Daphne Gross, in a manner to discourage unlawful strip

searches, thereby failing to adequately discourage further constitutional violations committed by police officers, causing Plaintiff to be strip-searched.

32. As a result of the above described deliberate choices, policies and customs police officers employed by Defendant County of Nassau, including Police Officer Daphne Gross believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the County of Nassau to the constitutional rights of arrestees, and were the cause of violations of Plaintiff's rights alleged herein.

34. By reason of her acts and omissions, Police Officer Daphne Gross while acting under color of state law and within the scope of her authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable search in violation of the Fourth and Fourteenth Amendments of United States Constitution.

35. As a result of Defendant County of Nassau's and Police Officer Daphne Gross's conduct, Plaintiff suffered emotional injury causing Plaintiff to experience emotional distress, future emotional distress, lost pay due to Plaintiff's inability to work and economic injuries.  All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life

36. As a result of Defendant County of Nassau's acts and omissions Plaintiff has been forced to incur past, present and future medical expenses.

37. As a result of Defendant County of Nassau's acts and omissions, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in

ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for her physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

38. In addition, the acts of the Defendant County of Nassau were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant County of Nassau should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

39. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for past and future medical expenses, emotional distress for the emotional harm inflicted to her in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Three Hundred Thousand ($300,000.00) Dollars for punitive damages making a total of Eight Hundred Thousand ($800,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

## THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE AND ASSAULT AND BATTERY PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT COUNTY OF NASSAU AND POLICE OFFICERS BARBUCK AND KNOX

40. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 39.

41. Police Officers Barbuck and Knox, while acting within the scope of their authority, without any just cause or legal right, using excessive force, threw Plaintiff to the ground, handcuffed Plaintiff's wrists so tightly that she fainted, was spitting blood, was admitted to the hospital for four days and received pain, bruises and swelling to her wrists.

42. Police Officers Barbuck and Knox' conduct constituted objectively unreasonable, unnecessary and excessive force.

43. Police Officers Barbuck and Knox' intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

44. Police Officers Barbuck and Knox' conduct in using objectively unreasonable, excessive and unnecessary force against Plaintiff without cause or Plaintiff's consent, abused their power and authority as employees of the County of Nassau Police Department and under the color of state and/or local law.

45. Upon information and belief, it was the deliberate choice, policy and custom of Defendant County of Nassau to fail to train its police officers to avoid using excessive force and injuring arrestees, including Police Officers Barbuck and Knox, thereby failing to adequately discourage further constitutional violations committed by Police Officers, causing Police Officers Barbuck and Knox to injure Plaintiff.

46. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant County of Nassau, including Police Officers Barbuck and Knox, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant County of Nassau to the constitutional rights of persons residing within the County of Nassau, and were the cause of violations of Plaintiff's rights alleged herein.

48. By reason of their acts and omissions, Defendants Barbuck and Knox, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

49. As a result of Defendants Barbuck and Knox and County of Nassau's conduct, Plaintiff suffered physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

50. As a result of Defendants Barbuck and Knox and County of Nassau's conduct, Plaintiff was deprived of privacy and liberty, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for her physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional

symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

51. In addition, the acts of the Defendants Barbuck and Knox and County of Nassau were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants Barbuck and Knox and County of Nassau should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

52. Plaintiff, therefore seeks compensatory damages in this cause of action for pain and suffering for the physical and emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Two Hundred Fifty Thousand ($250,000.00) in punitive damages, making a total of Seven Hundred Fifty Thousand ($750,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants County of Nassau and Barbuck and Knox for damages in the amount of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars;

On Plaintiff's Second Cause Of Action against Defendants County of Nassau and Gross for damages in the amount of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Three Hundred Thousand ($300,000.00) making a total of Eight Hundred Thousand ($800,000.00) Dollars;

On Plaintiff's Second Cause Of Action against Defendants County of Nassau and Barbuck and Knox for damages in the amount of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Two Hundred Fifty Thousand ($250,000.00) making a total of Seven Hundred Fifty Thousand ($750,000.00) Dollars;

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Brooklyn, New York
November 30, 2006

/s/
_____
Robin C. Smith
Attorney for Plaintiff
44 Court Street, Suite 917
Brooklyn, New York 11201
(718) 403-9599