UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IBORO EDEMEKA,

       PLAINTIFF,
                                    CV O6 204
                                    (BMC)(ARL)

   -AGAINST-

COUNTY OF NASSAU et al.,

       DEFENDANTS.
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    **I.    THERE IS NO BASIS FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF MUNICIPAL LIABILITY FOR HER STRIP SEARCH.**

Defendants concede that a material issue of fact exists as to Plaintiff's claim against Defendant Gross that Gross unlawfully and in violation of the Fourth Amendment strip-searched Plaintiff (Defendants Memorandum of Law p. 3 n. 1). Defendant Nassau County seeks summary judgment on Plaintiff's claim that its policy, custom or practice of failing to properly train its officers to avoid unlawful strip searches resulted in Plaintiff's strip search (Defendants Memorandum of Law pp. 6-9). Strip searches of individuals charged with misdemeanors or other minor offenses are lawful only when officers have a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest. *Shain v. Ellison*, 273 F.3d 56 (2d Cir.2001).

Plaintiff testified that Defendant Gross ordered that Plaintiff remove her clothing to the point of having on no garments whatsoever, and patted in her inner thigh area in a

1

precinct bathroom (IE: 85-92). Dinah Edemeka also testified that she was strip-searched, and that both she and her mother took turns submitting to the search (DE: 104-105). Consistent with Plaintiff and Dinah Edemeka's testimony, Defendant Police Officer Knox testified, "When you get to the stationhouse, you get a search" (EK: 38). Defendant Gross testified that she was "sure [she] did" search Plaintiff, but did not recall the actual search (DG: 19). Defendants do not set forth any legal justification for Plaintiff's strip search, appropriately, because there was no evidence or reason to believe that Plaintiff, who was arrested for non-narcotics related misdemeanor charges, had secreted weapons or other contraband. Gross claimed that during the typical precinct house search, she will remove all outer layers of clothing, leaving the detainees with one layer of clothing over which she will pat down, consistent with Nassau County's policy (DE: 21-25). Gross denied strip-searching Plaintiff, claiming she had never conducted a search where the arrestee is fully unclothed (DG: 25).

During discovery, the County submitted the "Nassau County Police Academy Search and Seizure" text. Section III, subsection J refers to strip searches under the title of "Warrants Exception to Requirement for Search." The strip search section, "J," states, "These are permissible when done pursuant to Nassau County Police Department Rules and Regulations Article 17, Rule 3." *See* Exhibit 1, *annexed hereto*.[1] Nassau County Police Department Rules and Regulations Article 17, Rule 3 refers to handcuffing, not the circumstances under which strip searches are authorized. *See* Exhibit 2, *annexed hereto*.

---

[1] At the County's request, Police Department documents are not attached via ECF, but are provided via hard copy to the Court.

Nassau County Police Department Rules and Regulations Article 17, Rule 6(4) refers to strip searches and mandates that any search that includes "the removal or rearrangement of any clothing which permits visual inspections of the genitals, buttocks, anus or female breasts" be undertaken "only when there is reasonable suspicion that a person is concealing a weapon, dangerous instrument, contraband, evidence of an offense, or any other instrument, article or substance that may facilitate escape, and there is no other reasonable method to obtain these items unless a strip search is undertaken without delay." *See,* Exhibit 3, *annexed hereto*. The rule requires that "[a] strip search will never be undertaken unless the search is approved by a superior officer." *Id*. There was no evidence submitted during discovery that Nassau County Police Department Rules and Regulations Article 17, Rule 6(4) was distributed to police officers.

The County's statement that any officer may search under reasonable suspicion that a person is concealing "any other instrument, article or substance that may facilitate escape" is an incorrect statement of Second Circuit law. *Williams v. City of New York*, 2007 WL 2214390 (S.D.N.Y. 2007). In the Second Circuit, strip searches of individuals charged with misdemeanors or other minor offenses are lawful only when "officers have a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest." *Williams v. City of New York*, 2007 WL 2214390 (S.D.N.Y. 2007), *quoting* Weber v. Dell, 804 F.2d 796, 802 (2d Cir.1986).

The law in New York on this topic is well-settled. *Shain v. Ellison*, 273 F.3d 56 (2d Cir.2001) (holding that the law on this point is so well-settled that qualified immunity was not available to shield a police officer who conducted a strip search in the absence of

reasonable suspicion of the arrestee's possession of contraband or a weapon). If police officers in Nassau are instructed that they may strip search an individual reasonably suspected to be concealing "any other instrument, article or substance that may facilitate escape," this is not a correct statement of the law and could be construed to refer to any innocuous personal item.

The county does not maintain that Officer Gross had justifiable cause to strip search Plaintiff. Although Gross denied strip searching Plaintiff, both Plaintiff and her daughter described in detail at their depositions the removal of their garments which left their genitals exposed. Plaintiff testified that Officer Gross wore gloves during the search, which provides circumstantial evidence that the County has a policy of strip-searching all arrestee's and provides gloves for that purpose.

While Officer Gross repeatedly maintained that she would never conduct a strip search without supervisor approval and did not recall ever doing so, Plaintiff and her daughter's deposition testimony create a material issue of fact as to Gross's credibility. Either Gross or Plaintiff and her daughter are misstating the events that took place at the stationhouse. Thus, there is a jury question, as the County concedes, on Plaintiff's strip search claim. Gross was sure both that she did not conduct a strip search and that the County's policy is to obtain supervisory approval prior to the strip search. But, the materials ("Nassau County Police Academy Search and Seizure" text and "Nassau County Police Department Rules and Regulations") submitted by the County are 1) meaningless, because there is no evidence that they were distributed to officers, 2) incorrect statements of the law on strip search, or alternatively 2) confusing, since the Nassau County Police Academy Search and Seizure" text regarding strip searches refers

to the rules for handcuffing. As a result, it is certainly a jury question as to whether Gross is misstating what she knew to be Nassau County's policy on strip searches at the time of Plaintiff's arrest. The possibility that at the time of Plaintiff's arrest, Gross was not properly trained is significant based upon the fact that Plaintiff and her daughter both claimed to be strip searched and either, no training materials were provided to officers, or if they were, they are incorrect and confusing. It is for the jury to determine whether Nassau County failed to adequately train its officers to avoid unlawful strip searches.

## II. THERE IS NO BASIS FOR SUMMARY JUDGMENT ON PLAINTIFF'S ECONOMIC LOSS

Defendants claim that summary judgment should be granted against Plaintiff's damages of economic losses. Defendants cite no case law in favor of its position. Nor does Rule 56 authorize the granting of a motion for summary judgment on a type of damages, but rather relates to claims. Fed.R.Civ.Proc. 56. As a result, Defendants motion should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny judgment as a matter of law in favor of the Defendants on Plaintiff's claim of municipal liability for her strip search, and Plaintiff's damages of economic losses pursuant to Federal Rule of Civil Procedure 56, and for such other an further relief as this Court deems just and proper.

Dated: Brooklyn, New York  
       October 10, 2007

/s/  
_____  
Robin C. Smith  
Attorney for Plaintiff  
44 Court Street, Suite 917  
Brooklyn, New York 11201  
(718) 403-9599

To: LORNA B. GOODMAN
Nassau County Attorney
Joseph Anci, Esq.
One West Street
Mineola, New York 11501
Via ECF and First Class Mail